[No. 1057.  Decided February 28, 1894.]

*In the Matter of the Guardianship of the Infant Heirs of
Ellen K. Hill, deceased:* Eliza Maud Hill, *Respond-
ent,* v. Eben Smith, *Guardian, etc., Appellant.*

GUARDIAN AND WARD — COMMINGLING OF FUNDS OF MINOR'S AND
DECEDENT'S ESTATES — PRESUMPTIONS — RIGHT OF HEIR TO IN-
SURANCE MONEY.

Where an insurance policy is made payable to the children of
deceased, the money collected thereon is no part of decedent's
estate, but goes directly to the heirs.

Where a guardian, who is also one of the executors of the estate
of his wards' deceased father, allows the funds belonging to his
wards to become commingled with the funds of the testator's estate,
and his accounts as guardian to become confused with the accounts
of the executors, the court is warranted in finding that the minor
heirs had been supported from the funds of the estate, and that in-
surance money collected by the guardian had been kept intact for
the use of the wards.

*Appeal from Superior Court, King County.*

*Hughes, Hastings & Stedman,* and *Thomas T. Littell,*
for appellant.

*Hays & Humphrey,* and *A. W. Hastie,* for respondent.

The opinion of the court was delivered by

Dunbar, C. J.—From a close inspection of the record
in this case we are unable to conclude that the findings
and judgment of the lower court are not warranted by the
testimony.    It is scarcely worth while to cite authorities
to sustain the proposition that the insurance money col-
lected by the guardian is no part of the estate, for the law
is well settled in this respect.    This money goes direct to
the heirs.    The executors of the estate should have noth-
ing to do with it, and it is the duty of the guardian into
whose possession it comes to deliver it to the heirs as they

become of age.    Therefore, the petitioner in this case was entitled, on reaching her majority, to one-fourth of the insurance money in the hands of the guardian, and this, with interest on the same from the date of its receipt by the guardian, was all she was allowed by the decree of the court.

It is contended by the appellant that there was not sufficient available funds of the estate to support the minor children, and that it therefore became necessary to use this insurance fund for that purpose; but the report of the guardian does not clearly show this state of facts.    On the other hand it shows that he has allowed this fund to become commingled and confused with the funds of the estate, and his accounts as guardian to become commingled and confused with the accounts of the executors, so that it was impossible for the court to determine what funds the expenses of supporting the children were paid out of. And in the absence of such clear and satisfactory showing the court was justified in concluding that the minor heirs had been supported from the funds of the estate, and that the insurance money had been kept intact for the use of the beneficiaries.

It is urged by the appellant that even if this view of the law be adopted by this court, the petitioner should in any event be charged with her maintenance since she reached her majority.    The answer to this contention is two-fold; first, it is impossible to tell from her guardian's accounts with the petitioner what portion of this expense bill was contracted before the petitioner arrived at the age of majority, and what portion was contracted since that time; and second, for the reason above mentioned, that the accounts are so confused that it is impossible to tell whether these expense bills were paid out of the funds of the estate or out of the insurance fund; and if out of the funds of the estate, they could not be made a set-off against peti-

tioner's share of the insurance money, which is in no way connected with the estate.

This court being somewhat familiar with the history of this estate as shown by many other cases which have been before us in which it was involved, appreciates the annoyance, inconvenience and difficulties which necessarily beset the executors and the guardian in performing the duties which devolve upon them in the execution of their trust; but the very difficulties of the situation ought to prompt a strict compliance with the law in regard to the time and character of their reports to the court, and frequent, explicit and distinct accountings, so that the court, who ought always to jealously guard the interest of minor heirs, could see at a glance the condition of the estate, particularly so far as its relations with the guardian and executors are concerned.

We have examined the other propositions discussed by the appellant, but from all the circumstances of the case we think the judgment should be affirmed.

STILES, SCOTT and ANDERS, JJ., concur.

HOYT, J., dissents.